In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-3428

GREGORY LEE MARTIN, SR.,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 98-420-MJR—**Michael J. Reagan**, *Judge.*

SUBMITTED JUNE 12, 2003*—DECIDED JUNE 25, 2003

Before FLAUM, *Chief Judge,* and POSNER and EASTERBROOK, *Circuit Judges.*

FLAUM, *Chief Judge.* Gregory L. Martin was convicted of arson for burning down one of his rental apartment buildings, in violation of 18 U.S.C. § 844(i).[1] In an earlier

---

* After examining the briefs and the record, we find that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. *See* Federal Rules of Appellate Procedure 34(a); Circuit Rule 35(f).

[1] Section 844(i) provides, in relevant part: "Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in

(continued...)

direct appeal, Martin argued unsuccessfully that his conviction should be dismissed for want of jurisdiction because the government had not established that his apartment building, which was temporarily unoccupied and partially boarded-up at the time of the fire, was a building used in interstate commerce. *See United States v. Martin*, 63 F.3d 1422, 1426-28 (7th Cir. 1995) ("*Martin I*") (holding that apartment building came within § 844(i) because, despite its temporary vacancy at the time of the fire, it was used primarily as a rental property, was insured as a rental property, and Martin intended to re-let it in the future). In this appeal, Martin mounts a collateral attack on his conviction under 28 U.S.C. § 2255, seeking dismissal[2] of his conviction by arguing that the Supreme Court's most recent interpretation of § 844(i) in *Jones v. United States*, 529 U.S. 848 (2000), limits the reach of the federal arson statute and compels us to find that Martin's apartment building was not being "used" in interstate commerce when he burned it down. We reject this argument and find that the district court properly

---

[1] (...continued)
any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both . . . ."

[2] Though Martin characterizes the lack of an interstate commerce nexus in his case as a lack of subject matter jurisdiction, it is well-settled that the interstate commerce requirement is just one of the essential elements of § 844(i). This means that an absence of proof on the issue may doom the government's case, but it will not deprive the court of jurisdiction. *See United States v. John T. Martin*, 147 F.3d 529, 531-32 (7th Cir. 1997) (explaining that interstate commerce nexus is "jurisdictional" only in the sense that without it there is no punishable federal crime, and not in the sense that it affects a court's subject matter jurisdiction).

denied Martin's § 2255 motion to vacate his conviction and sentence.

Our decision in *Martin I* that the apartment building in this case is unquestionably a commercial rental property within § 844(i)'s reach remains unaffected by *Jones*. In *Jones* the Supreme Court held that an owner-occupied private home did not satisfy the interstate commerce requirement of § 844(i) where the building's only connection to interstate commerce was its receipt of natural gas from an out-of-state provider, coverage by a policy underwritten by an out-of-state insurance company, and use as collateral for a loan secured by an out-of-state bank. 529 U.S. at 850-51. Yet *Jones* did not disturb the Court's holding in *Russell v. United States*, 471 U.S. 858, 862 (1985), that the arson statute applies to rental properties. In fact, the Court in *Jones* explicitly affirmed its earlier decision in *Russell*, noting that in both cases the scope of § 844(i) was ascertained by asking whether the building in issue had been "used in an activity affecting commerce." *Jones*, 529 U.S. at 855-56 (explaining that the different outcomes in the two cases resulted from factual differences in how the buildings were used—in *Russell* as a rental property and in *Jones* as a private residence—and not from legal differences in the meaning of "used in interstate . . . commerce"). It remains true after *Jones* that buildings actively used for a commercial purpose, including restaurants, *United States v. Joyner*, 201 F.3d 61 (2d Cir. 2000), home offices, *United States v. Jimenez*, 256 F.3d 330 (5th Cir. 2001), church daycare centers, *United States v. Terry*, 2001 WL 789160 (4th Cir. 2001), and temporarily vacant rental properties, *United States v. Williams*, 299 F.3d 250 (3d Cir. 2002), all possess the requisite nexus with interstate commerce under § 844(i). And so it is here, notwithstanding Martin's protestations that no paying tenants resided in his apartment building at the time of the fire.

As we discussed in *Martin I*, the temporary suspension of commercial activity in a building that otherwise meets the interstate commerce requirements of § 844(i) does not permanently remove that building from the scope of the arson statute. 63 F.3d at 1427; *accord Williams*, 299 F.3d at 256 ("[O]nce the business nature of the property at issue is established, courts will presume, absent indicia of an intention to permanently remove the property from the stream of commerce, that the requisite interstate commerce nexus exists.") (quoting *United States v. Gaydos*, 108 F.3d 505, 510 (3d Cir. 1997)). Here, Martin claims that the lack of tenants and presence of boarded-up windows in his apartment building indicates that he no longer intended to use the property for a commercial purpose, meaning that the building no longer satisfied the interstate commerce requirement of § 844(i). *See, e.g.*, *United States v. Ryan*, 227 F.3d 1058 (8th Cir. 2000) (finding that former fitness center, which had been permanently closed for business a month before it was burned down and had been intended for sale in the future to some unknown buyer for some unknown purpose, was not a building used in an activity affecting commerce within the meaning of § 844(i)).

Unfortunately for Martin, the evidence in this record does not support his claim that he had no intention of re-letting the apartments in his building. First, the last tenant to live in Martin's apartment building quit paying rent only two months before the fire and still had a few pieces of her personal property in the unit when Martin had the building destroyed. Second, Martin testified at trial that he had continued his efforts to improve the condition of the units even after his tenants moved out, and that on the day before the fire he was in the building to clean out the downstairs area and prepare its floors for refinishing. Third, Martin explained that he was forced to board-up the windows on the ground

floor to protect against vandalism while he refurbished the apartments. Finally, Martin had insured the building as a piece of rental property from its date of purchase until the date of the fire. All of this evidence indicates that Martin had not permanently removed the apartment building from the stream of commerce, which leads us to conclude that the building was still a rental property within the scope of § 844(i) at the time of the fire. The judgment of the district court is therefore affirmed.

A true Copy:

      Teste:

                                _____
                                *Clerk of the United States Court of*
                                *Appeals for the Seventh Circuit*