[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11283
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00083-MMH-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 2, 2020)

Before JORDAN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Pedro Sanchez appeals his conviction for felony arson, in violation of 18 U.S.C. § 844(i).  On appeal, he argues that the district court erred in denying his motion for a judgment of acquittal because the stipulated facts were insufficient to establish the interstate commerce element of his federal arson offense.  After careful review, we affirm.

I.

A federal grand jury indicted Sanchez on one count of arson, in violation of 18 U.S.C. § 844(i).  Sanchez waived his right to a jury trial and proceeded to a bench trial on stipulated facts.

The parties stipulated to the following facts.  Sanchez set fire to a home (the "Lamanto House") owned by REO Asset Acquisition, LLC, that was undergoing renovations.  REO owned approximately 100 to 125 houses throughout the United States and used the houses as rental properties.  REO hired Lighthouse Property Management & Realty of Jacksonville ("Lighthouse") to manage rental properties in Jacksonville, Florida, including the Lamanto House.

REO decided to stop leasing its houses and renovate them for eventual sale. After the Lamanto House's tenant's lease expired, REO began the process of renovating the premises.  REO's intent was to try to sell the property but to rent it again if REO could not secure a buyer.  During renovations, the house was vacant but insured for use as a rental.  REO hired Sanchez to renovate the house.  Sanchez

set fire to the house using accelerant in multiple rooms; law enforcement apprehended him soon after, and he confessed. At the time of the fire, the house had been vacant for about five and a half months.

Sanchez moved for a judgment of acquittal, arguing that the stipulated facts were insufficient to satisfy the interstate commerce element of the federal arson statute—that the Lamanto House was "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce," 18 U.S.C. § 844(i). Sanchez pointed to the fact that the Lamanto House was vacant and not offered for rent at the time of the fire. The district court denied Sanchez's motion. The court acknowledged that the house had been vacant for approximately six months but emphasized that the vacancy was for the ultimate purpose of listing the property for sale or rent. The district court adopted the stipulated facts and convicted Sanchez of arson. The court sentenced Sanchez to 60 months' imprisonment.

This is Sanchez's appeal.

## II.

We review *de novo* the interpretation of a criminal statute as well as the denial of a motion for judgment of acquittal based on sufficiency of the evidence. *United States v. Pirela Pirela*, 809 F.3d 1195, 1198 (11th Cir. 2015). We "will not reverse a conviction for insufficient evidence in a non-jury trial unless, upon reviewing the evidence in the light most favorable to the government, no

3

reasonable trier of fact could find guilt beyond a reasonable doubt." *Id.* at 1198-99 (citation and internal quotation marks omitted).

### III.

On appeal Sanchez argues that the stipulated facts did not establish that the Lamanto House was "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce," as required for a conviction under 18 U.S.C. § 844(i).  We disagree.

To determine whether a property was "used" in interstate commerce requires an "inquiry . . . into the function of the building itself, and then a determination of whether that function affects interstate commerce." *Jones v. United States*, 529 U.S. 848, 854 (2000) (internal quotation marks omitted).  "This determination involves a three-part inquiry:  (1) What is the function of the building? (2) Is the function of the building involved in commerce? (3) Does the commerce in which the building is involved sufficiently affect interstate commerce?" *United States v. Odom*, 252 F.3d 1289, 1294 (11th Cir. 2001).

Sanchez argues that none of the factors point toward "use" in interstate commerce because of one fact:  the Lamanto House had been vacant for about five and a half months at the time of the fire.  As to the first *Jones* factor, Sanchez says that the Lamanto House "functioned merely as a passive, dormant, non-income producing asset of" REO.  Appellant's Br. at 43.  As to the second factor, Sanchez

argues that there can be "no 'business' or 'commercial' activity" by such a property. *Id.* at 44. As to the third factor, Sanchez asserts that "a non-producing asset of a company that sells and rents houses . . . establishes merely a passive, passing, or past connection to commerce," which is insufficient to satisfy *Jones*. *Id.* at 45.

Although it is undisputed that the Lamanto House was vacant at the time of the fire and had been that way for about five and a half months, we disagree that it does not satisfy the *Jones* factors. A home being rented to tenants at the time of a fire indisputably is used in interstate commerce under § 844(i). *See Russell v. United States*, 471 U.S. 858, 862 (1985). Sanchez does not argue that a home listed for sale or rent at the time of a fire should be treated differently. The Lamanto House was temporarily vacant; however, "[i]f a commercial building has been temporarily closed for business and there is objective evidence of substantial, definite, and ongoing efforts by the responsible party to bring it back into active use in the stream of commerce, the interstate commerce element of section 844(i) is satisfied." *United States v. Troy*, 618 F.3d 27, 32 (1st Cir. 2010); *see also United States v. Iodice*, 525 F.3d 179, 183-85 (2d Cir. 2008) (holding that a property's owner's "active preparation" to reopen a diner that had been vacant for two years satisfied § 844(i)'s interstate commerce element); *United States v. Turner*, 995 F.2d 1357, 1361-63 (6th Cir. 1993) (holding, pre-*Jones*, that a

residential rental property's temporary vacancy at the time of the arson did not sever the property's use in interstate commerce).  Viewing the evidence in the light most favorable to the government, there is sufficient objective evidence of such efforts by REO to bring the Lamanto House back into active use in the stream of commerce as a home for sale or rental property.  Sanchez stipulated to the fact that REO intended to renovate the Lamanto House for sale or rent and that the vacancy was for the purpose of renovation.  As evidenced by Sanchez's employment, the Lamanto House was actively undergoing those renovations at the time of the fire.[1] While undergoing the necessary renovations, the house was still managed by a property management company and insured as a rental property.  *See Martin v. United States*, 333 F.3d 819, 820-21 (7th Cir. 2003) (upholding pre-*Jones* conclusion that a property satisfied § 844(i)'s interstate commerce requirement when it, though vacant, "was used primarily as a rental property, was insured as a rental property, and [the owner] intended to re-let it in the future").  This evidence shows that REO was taking active steps to return the Lamanto House to the

---

[1] In this way the Lamanto House is materially distinct from the property at issue in *United States v. Ryan*, 227 F.3d 1058 (8th Cir. 2000).  There, owners of a vacant fitness center intended to sell the center at some point in the future and had "t[aken] a photographic inventory of the building's interior and had a real estate agent inspect the property for purposes of determining its market value."  *Id.* at 1060.  The Eighth Circuit held that the government had failed to satisfy § 844(i)'s interstate commerce element, explaining that "the bare fact that the Fitness Center was marketable does not constitute active employment for commercial purposes."  *Id.* at 1064.  Here, REO went further, taking active steps to place the temporarily vacant Lamanto House back into the stream of commerce.

6

market.  Thus, the evidence satisfies § 844(i)'s interstate commerce element, and

Sanchez's challenge to the sufficiency of the evidence fails.

**AFFIRMED.**